# KENT COUNTY.

CHRISTOPHER S. BRIGGS *vs.* JONAH TITUS *et als.*

A tenancy by the curtesy initiate is in Rhode Island both salable and assignable.
The word "taken" in Revised Statutes R. I. cap. 136, § 1, means taken "*in invitum.*"
A mechanic's lien essentially resembles a mortgage rather than an attachment: it is not a process "*in invitum.*"
*Greenwich National Bank* v. *Hall,* 11 R. I. 124, explained.

DEFENDANTS' petition for a new trial.

*Providence, October* 28, 1880. DURFEE, C. J. This is a petition for the new trial of an action of trespass and ejectment for the possession of certain real estate in the town of Warwick. On the trial to the jury the plaintiff adduced in evidence, to show his title, the proceedings in a lien petition in which he was peti-

tioner, and the defendant Jonah Titus and his wife were respondents, and in which, under a decree of the Supreme Court, all the right, title, and interest of the said Titus in the estate in suit were, on June 11, 1864, sold and conveyed to the plaintiff to pay for improvements thereon. It was also put in proof that at the time of the sale and when the lien accrued, the wife of said Titus was the owner of the estate in fee simple in her own right, and that Titus had no interest therein except as her husband, he having married her and had children by her before 1844. The wife died April 20, 1879, before the commencement of the action. The defendants requested the court to charge the jury that, inasmuch as Titus at the time of the sale, and when the lien was supposed to have accrued, was only tenant by the curtesy initiate, he had no salable interest, and that consequently the plaintiff acquired no title by his purchase, and was not entitled to recover. The court refused so to charge, and on the contrary charged in favor of the plaintiff. The defendants contend that the charge was erroneous, and ask for a new trial on account of it.

The counsel for the defendants refers to the case of *Greenwich National Bank* v. *Hall*, 11 R. I. 124, in support of the contention that the plaintiff acquired no title by his purchase. In that case we decided that a husband has no interest in his wife's real estate of inheritance, even after he has had children by her, which is liable to attachment for his debts. The counsel supposes that we so decided because we thought an estate by the curtesy initiate is not a salable or assignable estate. This is a misapprehension : we so decided simply because we considered the estate privileged from attachment, for the benefit of the wife and family, under the statute, Rev. Stat. R. I. cap. 136, § 1. The opinion which we delivered deals only with the language of the statute, and has not a word to say concerning the nature of the estate. In point of fact we did not doubt the husband's power to sell his estate by the curtesy initiate. We supposed his right to do so was implied in another section of the same statute, to wit, § 8. And in the opinion subsequently given by the justices *In re the Voting Laws*, 12 R. I. 586, this quality of the estate is fully recognized. It is intimated that this opinion is inconsistent

with the opinion given in *Greenwich National Bank* v. *Hall*. If there be any inconsistency we are not able to perceive it. The opinion on the voting laws is, on this point, in accord with *Martin & Goff* v. *Pepall*, 6 R. I. 92, decided by this court in 1859.

We think, therefore, that an estate by the curtesy initiate, and especially such an estate acquired before 1844,[1] is both salable and assignable. In *Martin & Goff* v. *Pepall*, 6 R. I. 92, it was held that such an estate was liable to sale under the mechanics' lien law; and in *Briggs* v. *Titus & Wife*, 7 R. I. 441, the decision was virtually reaffirmed in respect of the very estate now in controversy. If these cases were correctly decided, there can be no question of the plaintiff's right to recover. The court did not in either of these cases comment on the language used in Rev. Stat. R. I. cap. 136, § 1, which in *Greenwich National Bank* v. *Hall* we held had the effect of making the attachment invalid. The language is to the effect that the estate to which it relates shall not "be liable to be attached or in any way taken for the debts of the husband." It may be argued that it is as effectual to protect from lien as from attachment, and that therefore the cases of *Martin & Goff* v. *Pepall* and *Greenwich National Bank* v. *Hall* are in conflict, and that if the latter was, the former could not have been, correctly decided. We think, however, that both cases can stand. The word "taken," as used in the statute, means in our opinion, taken *in invitum*. For instance, if a tenant by the curtesy initiate were to mortgage his estate, the statute would not prevent the mortgagee's enforcing his mortgage in so far as it could be enforced consistently with the rights of the wife. Now a mechanic's lien is rather in the nature of a mortgage than of an attachment. It is not acquired by an adverse proceeding after the debt has been incurred, but it accrues as the debt accrues, being incident to the improvement, and therefore the owner of the estate to which it attaches consents to it when he consents to the improvement. And this view, that the lien is to be regarded as voluntary finds confirmation in the provision that if the wife consents to the improvement concurrently with

---

[1] The Married Woman's Property Act so called was passed January, 1844. It first appears in the Digest of 1844, p. 270.

the husband, signifying her consent in writing, the lien attaches to her estate as well as his, and the whole property may be sold to satisfy it.

Our conclusion is that the estate of Titus, as tenant by the curtesy initiate, was duly sold and conveyed under the decree of lien, and consequently that there was no error in the instruction complained of.    The petition for new trial is denied.

*Petition dismissed.*

*Tillinghast & Ely,* for plaintiff.
*Ira O. Seamans,* for defendant.